

**U.S. Department of Justice**

*United States Attorney*

*Southern District of West Virginia*

300 Virginia Street
Suite 4000
Charleston, West Virginia 25301
(304) 345-2200

FILED
MAR 1 6 2006
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

September 19, 2005

Robert B. Allen, Esquire
500 Lee Street, East
Suite 800
Charleston, WV  25301

      Re:  United States v. RTW Rehabilitation Services, Inc.

Dear Mr. Allen:

    This will confirm our conversations with regard to your client RTW Rehabilitation Services, Inc. As a result of these conversations, it is agreed by and between the United States and RTW Rehabilitation Services, Inc., as follows:

    1.    **RESOLUTION OF CHARGES.** RTW Rehabilitation Services, Inc., will plead guilty to a violation of 18 U.S.C. § 1341 (mail fraud) to be charged in a one-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

    2.    **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which RTW Rehabilitation Services, Inc., will be exposed by virtue of this guilty plea is as follows:

    (a)    A fine of $500,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

RTW Rehabilitation Services, Inc.
By: _Michael Stem, Pres of RTW Rehabilitation Services, Inc._    9/30/05
    Its                                          Date Signed

_Robert B. Allen_                                           10/6/05
ROBERT B. ALLEN                                     Date Signed
Counsel for Defendant

Robert B. Allen, Esquire
September 19, 2005
Page 2                    Re:   RTW Rehabilitation Services, Inc.


    (b)    A five-year term of probation;

    (c)    A mandatory special assessment of $400 pursuant to 18 U.S.C. § 3013; and

    (d)    An order of restitution pursuant to 18 U.S.C. §§ 3663A and 3664 or as otherwise set forth in this plea agreement.

    3.    **SPECIAL ASSESSMENT.**  Prior to the entry of a plea pursuant to this plea agreement, RTW Rehabilitation Services, Inc., will tender a check or money order to the Clerk of the United States District Court for $400, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. RTW Rehabilitation Services, Inc., will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. Failure by the defendant to provide proof of payment of the special assessment prior to or at the plea proceeding will automatically void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to RTW Rehabilitation Services, Inc.

    4.    **APPEAL OF FINE.**  The United States and RTW Rehabilitation Services, Inc., agree that neither will seek appellate review of any order of the District Court imposing a fine unless the fine imposed is in excess of the range provided for the offense of conviction by the United States Sentencing Guidelines.

    5.    **RESTITUTION.**  Notwithstanding the offense of conviction, RTW Rehabilitation Services, Inc., agrees that it owes restitution

RTW Rehabilitation Services, Inc.
By: _/s/ Michael Stein, Pres. of RTW Rehabilitation Services, INC._        9/30/05
    Its                                               Date Signed

_/s/ Robert B. Allen_                                    10/4/05
ROBERT B. ALLEN                                      Date Signed
Counsel for Defendant

Robert B. Allen, Esquire
September 19, 2005
Page 3                          Re:   RTW Rehabilitation Services, Inc.


in the amount of $40,000 and agrees to pay such restitution by tendering to the United States a cashier's check or money order for such sum at or prior to entry of its guilty plea pursuant to this plea agreement.  RTW Rehabilitation Services, Inc., agrees it will not appeal any order of the District Court imposing restitution unless the amount of restitution exceeds the amount set forth in this paragraph.  However, nothing in this paragraph is intended to preclude the Court from ordering RTW Rehabilitation Services, Inc., to pay a greater or lesser sum of restitution in accordance with law.

     7.   **PAYMENT OF MONETARY PENALTIES.**  RTW Rehabilitation Services, Inc., agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States.  So long as the monetary penalties are ordered to be due and payable in full immediately, RTW Rehabilitation Services, Inc., further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

     8.   **APPEAL OF FINE.**  The United States and RTW Rehabilitation Services, Inc., agree that neither will seek appellate review of any order of the District Court imposing a fine unless the fine imposed is in excess of the range provided for the offense of conviction by the United States Sentencing Guidelines.

     9.   **FINAL DISPOSITION.**  The matter of sentencing is within the sole discretion of the Court.  The United States has made no representations or promises, and will make no recommendation, as to

RTW Rehabilitation Services, Inc.,
By: _Michael Stein (Pres. of RTW), Rehabilitation Services, INC._     _9/30/05_
        Its                                                            Date Signed


_Robert B. Allen_                                                      _10/4/05_
ROBERT B. ALLEN                                                        Date Signed
Counsel for Defendant

Robert B. Allen, Esquire
September 19, 2005
Page 4                          Re:   RTW Rehabilitation Services, Inc.


a specific sentence. However, the United States reserves the right to:

    (a)   Inform the Probation Office and the Court of all relevant facts and conduct;

    (b)   Address the Court with respect to the nature and seriousness of the offense;

    (c)   Respond to questions raised by the Court;

    (d)   Correct inaccuracies or inadequacies in the presentence report;

    (e)   Respond to statements made to the Court by or on behalf of RTW Rehabilitation Services, Inc.;

    (f)   Advise the Court concerning the nature and extent of RTW Rehabilitation Services, Inc.'s cooperation; and

    (g)   Address the Court regarding the issue of RTW Rehabilitation Services, Inc.'s acceptance of responsibility.

    10.  **VOIDING OF AGREEMENT.** If either the United States or RTW Rehabilitation Services, Inc., violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

    11.  **ENTIRETY OF AGREEMENT.** This written agreement and the agreement attached hereto as Plea Agreement Exhibit B constitutes the entire agreement between the United States and RTW

RTW Rehabilitation Services, Inc.

By: _Michael Stern, Pres. of RTW Rehabilitation Services, Inc._    9/30/05
    Its                                                 Date Signed


_Robert B. Allen_                                             10/4/05
ROBERT B. ALLEN                                         Date Signed
Counsel for Defendant

Robert B. Allen, Esquire
September 19, 2005
Page 5                          Re:  RTW Rehabilitation Services, Inc.


Rehabilitation Services, Inc., in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against RTW Rehabilitation Services, Inc. in any Court other than the United States District Court for the Southern District of West Virginia.

    Acknowledged and agreed to on behalf of the United States:

                              CHARLES T. MILLER
                              Acting United States Attorney

               By:    *[signature]*
                         HUNTER P. SMITH JR.
                         Assistant United States Attorney

HPS/das

I hereby acknowledge by my signature at the bottom of each page of this five-page agreement that I have read, understand and agree to each of the terms and conditions set forth in this agreement.


RTW Rehabilitation Services, Inc.
By: *[signature: Michael Stern, Pres of RTW Rehabilitation Services, Inc.]*      9/30/05
    Its                                      Date Signed

*[signature]*                                10/6/05
ROBERT B. ALLEN                       Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                    CRIMINAL NO. _____
                                    18 U.S.C. § 1341
                                    18 U.S.C. § 2(b)

**RTW REHABILITATION SERVICES, INC.**

# I N F O R M A T I O N

The United States Attorney charges:

## Mail Fraud

At all relevant times:

1. The Workers Compensation Division of the Bureau of Employment Programs (hereinafter "Workers Compensation") was a program of the State of West Virginia designed to compensate employees injured while engaged in work and to assist employees to return to work after on-the-job injuries.

2. Defendant RTW REHABILITATION SERVICES, INC., was a Maryland corporation, engaged in the business of providing rehabilitation counseling services at various locations throughout West Virginia and elsewhere with its principal office in Baltimore, Maryland.

3. Several individuals, including an individual known to the United States Attorney (the "Known Individual"), were employed by defendant RTW REHABILITATION SERVICES, INC., as rehabilitation counselors.

4. Workers Compensation referred certain Workers Compensation claimants to defendant RTW REHABILITATION SERVICES, INC., for assistance in returning to gainful employment.

5. Services provided by rehabilitation counselors included consultation with the claimant, treating physicians, and employers; assessment of the claimant's condition and progress; evaluation of available treatment and employment opportunities; and case management and follow-up.

6. Rehabilitation counselors were required to file periodic reports fo services provided to claimants.

7. Workers Compensation paid for rehabilitation counseling provided to its claimants as follows:

    a.   For professional services at the rate of $55 per hour;

    b.   For time spent traveling or waiting in connection with professional services at the rate of $27.50 per hour; and

    c.   For travel in connection with professional services at the prevailing rate per mile established by the federal government.

8. Workers Compensation was billed for rehabilitation counseling through a "Services Invoice," which could be submitted electronically, and which listed, among other items, the claimant's name, the service date, the services provided, and the expenses (including mileage) incurred.

9. Workers Compensation paid the "Services Invoice" by directing The Treasurer of the State of West Virginia to mail a warrant, that is, a negotiable instrument similar to a check, to the rehabilitation counselor through the United States Postal Service.

### The Scheme to Defraud

10. From in or about 2000 to in or about December 2002, at or near Charleston, West Virginia, and elsewhere, defendant RTW REHABILITATION SERVICES, INC., knowingly devised a scheme to defraud, and did defraud, the State of West Virginia, which scheme involved material misrepresentations and omissions.

### Purpose of the Scheme

11. It was a purpose of the scheme for defendant RTW REHABILITATION SERVICES, INC., to obtain money from the State of West Virginia's Workers Compensation program to which it was not entitled.

### Manner and Means of Execution of the Scheme

12. It was a part of the scheme that defendant RTW REHABILITATION SERVICES, INC., would and did accept referral of Workers Compensation claimants for rehabilitation counseling.

13. It was further part of the scheme that defendant RTW REHABILITATION SERVICES, INC., would and did electronically bill Workers Compensation for rehabilitation counseling supposedly provided to these claimants.

14. It was further a part of the scheme that defendant RTW REHABILITATION SERVICES, INC. would and did submit invoices for services never provided.

15. It was further a part of the scheme that defendant RTW REHABILITATION SERVICES, INC. would and did file materially false reports of services provided to claimants.

3

16. It was further a part of the scheme that defendant RTW REHABILITATION SERVICES, INC., would and did sign and cause to be signed the names of individuals other than the Known Individual to reports which set forth services purportedly provided by the Known Individual.

17. It was further a part of the scheme that defendant RTW REHABILITATION SERVICES, INC., would and did receive at least $40,000 to which it was not entitled.

### Use of the Mails in Furtherance of the Scheme

18. On or about May 15, 2002, for the purpose of executing the above-described scheme and artifice to defraud, defendant RTW REHABILITATION SERVICES, INC., willfully and knowingly caused to be placed in a post office or other authorized depository for mail matter a matter and thing to be sent and delivered by the United States Postal Service from at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, to Baltimore, Maryland, namely, an envelope addressed to defendant RTW REHABILITATION SERVICES, INC., containing warrant number 49191692, dated May 15, 2002, payable to defendant RTW REHABILITATION SERVICES, INC.

In violation of Title 18, United States Code, Sections 1341 and 2(b).

                              UNITED STATES OF AMERICA

                              CHARLES T. MILLER
                              Acting United States Attorney

                By:     _____
                              HUNTER P. SMITH JR.
                              Assistant United States Attorney



**U.S. Department of Justice**

*United States Attorney*

*Southern District of West Virginia*

*300 Virginia Street*
*Suite 4000*
*Charleston, West Virginia 25301*
*(304) 345-2200*

September 19, 2005

Robert B. Allen, Esquire
P.O. Box 3394
Charleston, WV  25333-3394

    Re: RTW Rehabilitation Services, Inc., and Michael Stern

Dear Mr. Allen:

    This will confirm our conversation with regard to your clients RTW Rehabilitation Services, Inc., ("RTW") and Michael Stern ("Mr. Stern")  In addition to the plea agreement executed by RTW, it is agreed by and between the United States, RTW, and Mr. Stern as follows:

    1. RTW and Mr. Stern agree to be permanently excluded from all workers compensation programs operated by or created by the State of West Virginia, including any such program that administers claims against other workers compensation program. No such program of workers compensation coverage for West Virginia workers will pay anyone for items or services, including administrative and management services, furnished, ordered, or prescribed by RTW or Mr. Stern in any capacity. This payment prohibition applies to RTW, to Mr. Stern, to anyone who employs or contracts with either of them, and to any provider where either of them provides services. This

_____       _9/30/05_____
MICHAEL STERN                                        Date Signed

_____       _9/30/05_____
RTW REHABILITATION SERVICES, INC.   Date Signed
Defendant
By: _____
  Its:

_____       _10/4/05_____
ROBERT B. ALLEN                                Date Signed
Counsel for Defendant

Robert B. Allen, Esquire
September 19, 2005
Page Two          Re:  RTW Rehabilitation Services, Inc., and
                       Michael Stern

prohibition applies regardless of who submits the claims or other requests for payment.

    2. RTW and Mr. Stern shall not submit or cause to be submitted to any workers compensation program covering workers in West Virginia any claim or request for payment for items or services, including administrative and management services, furnished, ordered, or prescribed by RTW or Mr. Stern.

    3. RTW and Mr. Stern further agree to hold the workers compensation programs described above harmless from any financial responsibility for items or services furnished, ordered or prescribed by RTW or Mr. Stern after the effective date of the agreement. RTW and Mr. Stern agree not to contest this prohibition either administratively or in any state or federal court.

    4. TERMINATION OF PROSECUTION. The United States agrees that in consideration of the agreements set forth above and in further consideration of the mail fraud conviction and final disposition of RTW Rehabilitation Services, Inc., pursuant to a plea agreement the United States will not prosecute its president Michael Stern in the Southern District of West Virginia for federal fraud offenses Mr. Stern may have committed relating to billings submitted to the West Virginia worker's compensation program by RTW Rehabilitation Services, Inc., for the period January 1, 1999, through December 31, 2003.

_____       9/30/05
MICHAEL STERN                                    Date Signed

_____       9/30/05
RTW REHABILITATION SERVICES, INC.                Date Signed
Defendant
By: _____
Its:

_____       10/5/05
ROBERT B. ALLEN                                  Date Signed
Counsel for Defendant

Robert B. Allen, Esquire
September 19, 2005
Page Two        Re:  RTW Rehabilitation Services, Inc., and
                     Michael Stern

    This exclusion shall be effective immediately upon the delivery of this fully executed letter to the undersigned.

                              Very truly yours,

                              CHARLES T. MILLER
                              Acting United States Attorney

                      By:  *[signature]*
                              HUNTER P. SMITH JR.
                              Assistant United States Attorney

HPS/das


*[signature]*                                         9/30/05
MICHAEL STERN                                         Date Signed

*[signature: RTW Rehabilitation Services, Inc.]*      9/30/05
RTW REHABILITATION SERVICES, INC.                     Date Signed
Defendant

By: *[signature]* Pres. of RTW Rehabilitation Services, Inc.
Its:

*[signature]*                                         10/6/05
ROBERT B. ALLEN                                       Date Signed
Counsel for Defendant